UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUES JOHNSON,

    Plaintiff,

v.

                                Case No. 24-cv-12937
                                Honorable Linda V. Parker

MICHIGAN FIRST CREDIT UNION,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

In this pro se action filed on November 5, 2024, Plaintiff Marques Johnson claims that Defendant Michigan First Credit Union ("Michigan First") violated the Equal Credit Opportunity Act ("ECOA") when it denied his September 12, 2024 application for a $20,000 line of credit. (*See* ECF No. 1.) Johnson claims Michigan First discriminated against him based on his age. (*Id.*) Michigan First has moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Johnson fails to state a claim upon which relief can be granted in his Complaint. (ECF No. 11.) Johnson has responded to the motion. (ECF No. 14.) For the reasons set forth below, the Court is granting Michigan First's motion.

I.  **Applicable Standard**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

2

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se filings also must be construed liberally. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nevertheless, the presumption of truthfulness and the liberal construction afforded to pro se pleadings are not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668; *Adelson v. Ocwen Fin. Corp.*, No. 17-19117, 2018 WL 7226966, at *2 (6th Cir. Aug. 20, 2018) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)) ("[P]ro se litigants are not exempt from [the] requirements of the Federal Rules of Civil Procedure."). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## II.  Factual Background

Johnson alleges in his Complaint that he applied for a $20,000 line of credit with Michigan First on September 12, 2024. (ECF No. 1 at PageID. 9 ¶ 4.) Johnson provided his driver's license to Michigan First, which showed that he is at least eighteen years old. (*Id.* ¶ 5.) Michigan First denied Johnson's application on the same date. (*Id.* ¶ 6.) While Johnson claims in his response to the motion to dismiss that the stated reason for the denial was "excessive income" (*see* ECF No. 14 at PageID. 58-59), a document attached to his Complaint, titled "Adverse

3

Action Letter" offers an expanded explanation: "proportion of balances to credit limits is too high on bank revolving or other revolving accounts time since delinquency is too recent or unknown number of accounts with delinquency level of delinquency on accounts number of inquiries may have also adversely impacted the score[,]" (ECF No. 1 at PageID. 11-12 (capitalization removed)).

**III.    Applicable Law and Analysis**

The ECOA was enacted, in relevant part, to "promote the availability of credit to all creditworthy applicants without regard to race, color, religion, national origin, sex, marital status, or age (provided the applicant has the capacity to contract) . . .." 12 C.F.R. § 202.1(b).  To further that goal, the statute makes it unlawful  "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction" based on these protected characteristics.  15 U.S.C. § 1691(a)(1).

To state a viable claim under the statute, a plaintiff must allege facts that plausibly suggest: "(1) the plaintiff was a member of a protected class; (2) the plaintiff applied for credit from [the] defendant[]; and (3) the plaintiff was denied credit on the basis of his or her protected class." *Wilson v. Atlanticus Servs. Corp.*, No. 19-11672, 2020 WL 2393198, at *3 (E.D. Mich. Jan. 10, 2020), *report & recommendation adopted in* 2020 WL 1164191 (E.D. Mich. Mar. 11, 2020) (quoting *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 980 (D. Or.

2016)). Facts plausibly suggesting discrimination in the decision to deny an applicant credit include: (1) that the applicant was qualified to receive credit and was denied credit despite being qualified; (2) facts demonstrating discriminatory animus or treatment by the defendant; or (3) that persons not within the protected class were granted extensions of credit by defendant.

Johnson fails to plead any facts plausibly suggesting that Michigan First's decision was based on his age. He offers no information to suggest that he was qualified to receive the applied-for line of credit or facts demonstrating a discriminatory animus. He does not even specify his age, except to state that he is an adult. Therefore, it is difficult to see how he might claim that other similarly situated persons outside his protected class were granted extensions of credit, when he was not. The document attached to his Complaint in fact suggests that Michigan First had legitimate, non-discriminatory reasons for denying Johnson's application.

In short, Johnson's allegations do not rise above speculation and do not state a plausible claim for relief. *Twombly*, 550 U.S. at 556.

Accordingly,

**IT IS ORDERED** that Defendant Michigan First Credit Union's motion to

5

dismiss (ECF No. 11) is **GRANTED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 19, 2024

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 19, 2024, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan<br>
Case Manager