UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUES JOHNSON,

       Plaintiff,

                                  Case No. 24-cv-12937

v.                                   Honorable Linda V. Parker

MICHIGAN FIRST CREDIT UNION,

       Defendant.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION AND DENYING AS MOOT PLAINTIFF'S MOTION TO COMPEL RULING ON MOTION FOR RECONSIDERATION

Plaintiff Marques Johnson filed this action against Defendant Michigan First Credit Union ("Michigan First"), claiming that Michigan First violated the Equal Credit Opportunity Act ("ECOA") when it denied his September 12, 2024 application for a $20,000 line of credit. (*See* ECF No. 1.) Johnson alleged that Michigan First discriminated against him based on his age. (*Id.*)

Michigan First responded to Plaintiff's Complaint by filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 11), which this Court granted in an opinion and order issued on December 19, 2024 (ECF No. 17). The Court held that Johnson failed to allege facts

plausibly suggesting that Michigan First's decision was based on his age. (*Id.* at PageID.76.)  The Court observed that Johnson offered no information suggesting that he was qualified to receive the applied-for line of credit or facts demonstrating discriminatory animus.  (*Id.*)  A Judgment followed the decision.  (ECF No. 18.)

The matter is now before the Court on Johnson's motion for reconsideration, which he identifies as being filed pursuant to Eastern District of Michigan Local Rule 7.1(h).  (ECF No. 19.)  Also before the Court is Johnson's motion to compel a decision on his motion for reconsideration.  (ECF No. 25.)  In his motion for reconsideration, Johnson argues that the Court erred in dismissing his claims because all adults capable of contracting are deemed creditworthy, regardless of their credit score.  (ECF No. 19 at PageID.80.)  Johnson maintains that, under the ECOA, "all applicants are entitled to the same opportunity to apply for credit."  (*Id.* at PageID.81.)

Michigan First filed a response to Johnson's motion, arguing that no relief is warranted.  (ECF No. 22.)  Michigan First also seeks sanctions against Johnson pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 because he filed multiple post-judgment motions, including a motion after this Court issued a text-entry order denying his motion for

2

emergency relief regarding his motion for reconsideration.  (*Id*. at PageID.107-08.)

### Standard of Review

As an initial matter, Johnson pursues his motion under the incorrect rule.  The Court's decision, granting Michigan First's motion to dismiss, was a final order as it "end[ed] the litigation on the merits and [left] nothing for [this] court to do but execute the judgment."  *Kissner v. Orr*, No. 22-2076, 2023 WL 5687037, at *2 (6th Cir. Aug. 31, 2023).  Under the December 1, 2021 amendments to Eastern District of Michigan Local Rule 7.1(h), which lays out the procedures and standards for motions for reconsideration, the standard for a motion to reconsider a final order is now different than the standard for a motion to reconsider a non-final order.  *Id*.  Reconsideration of final orders must be sought under Federal Rule of Civil Procedure 59(e) or 60(b).  *Id*.

Johnson's failure to cite the correct rule is, in itself, grounds for denying his motion.  *Lewis v. Sole L., PLLC*, 652 F. Supp. 3d 886, 891 (E.D. Mich. 2023).  Nevertheless, because Johnson's pro se filings must be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted), the Court will construe his motion as filed under the proper rules.

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence."  *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

## Analysis

Johnson is not entitled to relief under Rule 59(e) or Rule 60(b).  As set forth in the Court's December 19 decision, to state a viable claim under the ECOA, Johnson needed to allege facts plausibly suggesting that: (1) he is a member of a protected class; (2) he applied for credit from Michigan First; and (3) Michigan First denied him credit on the basis of his protected class.

5

(ECF No. 17 at PageID.75.); *see also Wilson v. Atlanticus Servs. Corp.*, No. 19-11672, 2020 WL 2393198, at *3 (E.D. Mich. Jan. 10, 2020), *report & recommendation adopted in* 2020 WL 1164191 (E.D. Mich. Mar. 11, 2020) (quoting *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 980 (D. Or. 2016)).  As also set forth in that decision:

> Facts plausibly suggesting discrimination in the decision to deny an applicant credit include: (1) that the applicant was qualified to receive credit and was denied credit despite being qualified; (2) facts demonstrating discriminatory animus or treatment by the defendant; or (3) that persons not within the protected class were granted extensions of credit by defendant.

(*Id.*)  Johnson failed to plead—and still fails to present—facts suggesting that the denial of his application was discriminatory.

Contrary to Johnson's assertion, pleading that he is an adult capable of contracting does not plausibly suggest that Michigan First's decision was discriminatory.  If that were the case, every competent adult denied credit would have a viable claim under the statute.  Johnson also does not plead a plausible claim of discrimination by asserting that he was creditworthy based simply on the fact that he is an adult capable of contracting.  As relevant to Johnson's claims, ECOA prohibits creditors from "refus[ing] to grant an individual account to a *creditworthy* applicant on the basis of [age]." 12 C.F.R. § 202.7(a) (emphasis).  If simply being an adult capable of contracting renders an applicant creditworthy, any competent adult could

6

claim—and demonstrate—discrimination under the statute when denied credit.

Although the Court concludes that Johnson is not entitled to reconsideration of the decision granting Michigan First's motion to dismiss, it does not find sanctions for the filing of the motion warranted. Contrary to Michigan First's understanding, the Court did not deny Johnson's motion for reconsideration in its text-only entry on December 23, 2024. Instead, the Court denied only Johnson's motion for emergency relief. (*See* 12/23/24 Text-Only Order; ECF No. 20.) Undoubtedly, Johnson did not need to file multiple post-judgment motions. Nevertheless, the Court does not view his filings at this point to be sanctionable. Moreover, Michigan First did not follow Rule 11's requirements when seeking sanctions. *See* Fed. R. Civ. P. 11(c) (requiring the request to be by separate motion, which is served at least 21 days before filing on the party against whom sanctions are sought).

Accordingly,

**IT IS ORDERED** that Johnson's motion for reconsideration (ECF No. 19) is **DENIED**.

**IT IS FURTHER ORDERED** that Johnson's motion to compel

ruling on his motion for reconsideration (ECF No. 25) is **DENIED AS**

**MOOT**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 15, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 15, 2025, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

8